IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

2005 NOV -2 A 10: 58

UNITED STATES OF AMERICA
    Plaintiff

Vs.                              CASE NO.: 3:02-CR-00062-AWT-1

SERGIO TORRES
    Defendant,
_____/

**MOTION FOR THE RETURN OF PROPERTY
PURSUANT TO RULE 41 (g) OF THE
FEDERAL RULES OF CRIMINAL PROCEDURES**

**COMES NOW**, the Defendant, Sergio Torres, and acting in a Pro-se status, motions this Honorable Court for the return of $8,000.00 in U.S. Currency, 2 photos and miscellaneous documents that were seized by the DEA on April 10th, 2002. The Defendant states the following in support of this motion for the return of such property.

## FACTUAL BACKGROUND

On April 10th, 2002, Officers of the DEA and in connection to the investigation of this criminal case, executed a search warrant at the residence of 275 Ray Road, New Haven, Connecticut. Upon the execution of such search warrant, the DEA seized $8,000.00 in U.S. Currency and 2 photos as well as numerous miscellaneous documents, see attached copy report for cash or other items. Thereafter, the Defendant was indicted and ultimately the Defendant plead guilty and was sentence to a term of 235 months imprisonment for violating 21 U.S.C. § 841 and 846.

The Defendant is no longer pursuing a trial and has fully admitted to his involvement in the charged conspiracy. Therefore, the Government does not have any legal reason for the continued seizure of the $8,000.00, 2 photos and miscellaneous documents. However, the Defendant has exclusive legal rights over each item of such seizure.

## MEMORANDUM OF LAW IN SUPPORT

As originally adopted and until 1972, Rule 41 (e) or as it is now known 41 (g), provides a method for enforcing the protection against unreasonable search and seizure guaranteed by the Fourth Amendment of the United States Constitution. It allows a person aggrieved from the seizure of property that is legally their's as a matter of right, see **United States v. Moloney**, 985 F. Supp. 358 (W.D.N.Y. 1997), **Soviero v. United States**, 967 F. 2d 791 (2nd Cir. 1992), **Mora v. United States**, 955 F. 2d 156, 159 (2nd Cir. 1992), **Green v. United States**, 90 F. Supp. 2d 229 (E.D.N.Y. 2000) and **United States v. Maez**, 915 F. 2d 1466, (10th Cir. 1990).

In accordance with the case law, a Defendant stating a claim of lawful right to property must make a **prima facie** showing that the property legally belongs to him. In the Defendant's case, he can make a **prima facie** showing of his legal right to the property seized by the DEA on April 10th, 1002. If this Honorable Court would review page 9 of Defendant's Presentencing Report it would take notice of the defendant's loan through New Century Mortgage Company, on March 28, 2000, in the amount of $77,000.00. Furthermore, the Defendant also refinanced prior to such date in

the amount of $33,000.00. It is the Defendant's claim that the $8,000.00 that was seized by the DEA was lawfully his and wasn't the proceeds of any illegal act. Furthermore, the Government is well aware of the fact that the Defendant was the owner of a business at the time of his arrest, and has demonstrated legal earnings through out the course of the criminal investigation.

The Defendant through each refinanced loan and through the legitimate ownership of a business, can demonstrate a legal claim to the money seized. The Government does not have a legal right to the money as well, nor can the Government establish a connection with the $8,000.00 to any illegal activity. Therefore, and pursuant to the law of this Circuit, the Defendant respectfully motions this Honorable Court for the return of property and the return of $8,000.00.

## CONCLUSION

WHEREFORE, the Defendant hopes and prays that this Honorable Court grants the relief he now seeks, i.e. the return of his legally owned property and money.

Respectfully submitted

Sergio Torres, Pro-se
Reg. #14623-014
F.C.I. Otisville
P.O. Box 1000
Otisville
New your 10963

## CERTIFICATE OF SERVICE

I HEREBY, that a true and correct coy of the foregoing was mailed to the United States Attorney's Office for the District of Connecticut, on this day of October 17th, 2005, by paid first class United States Postage Stamp.

Respectfully submitted

Sergio Torres, Pro-se

# RECEIPT FOR CASH OR OTHER ITEMS

TO: (Name, Title, Address ((including ZIP Code)), if applicable)

Occupant of
275 Pay Run [illegible]
New Haven CT

FILE NO.

G-DEP IDENTIFIER

FILE TITLE

DATE: 04/10/02

DIVISION / DISTRICT OFFICE: DEA NHDO

Seized Pursuant to Federal Search/Seizure Warrant

I hereby acknowledge receipt of the following described cash or other item(s), which was given into my custody by the above named individual.

| AMOUNT or QUANTITY | DESCRIPTION OF ITEM(S) | PURPOSE (If Applicable) |
|---|---|---|
| $8,000.00 | U.S. Currency (Eight Thousand) | Holding as Evidence |
| 2 | Passports | |
| [Numerous] | Miscellaneous Documents | At DEA |

RECEIVED BY (Signature)

NAME AND TITLE (Print or Type)

WITNESSED BY (Signature)

NAME AND TITLE (Print or Type)

DEA Form — 12
(Apr. 1983)

Previous edition dated 9/77 may be used until stock is exhausted.