

FILED

D. Conn.
02-cr-62 (AWT)
Thompson, J.

**MANDATE** United States Court of Appeals
FOR THE
SECOND CIRCUIT

U.S. DISTRICT COURT
NEW HAVEN CT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of November, two thousand six,

Present:

> Hon. John M. Walker, Jr.,
> Hon. Reena Raggi,
> > *Circuit Judges,*
> Hon. Timothy C. Stanceu,
> > *Judge, U.S. Court of International Trade.[*]*

UNITED STATES COURT OF APPEALS
FILED
NOV 0 7 2006
Thomas Asreen, Acting Clerk
SECOND CIRCUIT

---

United States of America,
> Appellee,

v.

Eduardo Escalara-Torres, aka "Virgilio Corchado-Igartua", Sergio Torres,
> Defendants-Appellants,

Mario Fermin, Jose Cosme, Juan Gabriel Arteaga-Cartagena, Heriberto Trinidad,
> Defendants.

Nos.   03-1193-cr (L); -CLOSED
03-1559-cr (con)

---

The Government moves to remand the case to the district court to determine whether to resentence appellant Sergio Torres. Torres raises additional issues in his brief. In light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and this Court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), the motion is granted and this case is remanded to the district court for further proceedings in conformity with *Crosby*.

Torres's challenges to the validity of his plea are rejected on the merits. Torres's failure to "anticipate the changes in federal sentencing law and practice produced by *Booker* 'does not impugn the truth or reliability of his plea . . .'" *United States v. Roque*, 421 F.3d 118, 124 (2d Cir. 2005) (quoting *Brady v. United States*, 397 U.S. 742, 757 (1970)). Additionally, Torres's challenge to the validity of his

---

[*]The Honorable Timothy Stanceu, of the United States Court of International Trade, sitting by designation.

**ISSUED AS MANDATE:** 11/28/06

plea on the ground that he was unaware of his right to have a jury determine the drug quantity fails because he was informed at the plea allocution that the Government would have been required to prove to a jury beyond a reasonable doubt that the drug quantity involved was at least five kilograms, and he admitted that he possessed more than five kilograms of cocaine. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (statements at plea allocutions carry a strong presumption of verity).

Any appeal taken from the district court's decision on remand can be initiated only by filing a new notice of appeal. *See* Fed. R. App. P. 3, 4 (b). To the extent the Government requests this Court to maintain jurisdiction over the appeal pending remand, the request is denied. A new briefing schedule will be issued if a new notice of appeal is filed.

A party will not waive or forfeit any appropriate argument on remand or on any appeal post-remand by not filing a petition for rehearing of this remand order.

FOR THE COURT:
Thomas Asreen, Acting Clerk

By: *Lucille Carr*

Thomas W. Asreen, Acting Clerk

by _____
DEPUTY CLERK

A TRUE COPY

SAO MAC