UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

United States of America,          No. 03-1559

            v

Sergio Torres.                     December 28, 2006

## Motion to Inform the Court

**Take Judicial Notice:**  Sergio Torres, the defendant in the above captioned case, notifies the Court that is acting pro se because Torres cannot establish communication with the appointed counsel.  Who by the way has advised Torres' family that he (appointed counsel) does not longer represent Torres in case at hand.

As well, Torres wants to call the attention of the Court concerning a jurisdictional issue.  See, Affidavit in support attached hereto.

As is of the knowledge of this Court, Torres' case has been remanded from the Court of Appeals.  However, the remand is stained as successively Torres represents.

While subjudice case was on appeal, it was decided by the panel of the Second Circuit to remand the case back to this Court for a "Crosby" resentence as requested by the government. Nonetheless, even when Torres received by mail this panel's opinion, which was forwarded to him by the appointed counsel, on November 20 of 2006.  See, Attachment I.  Torres timely filed a

petition for rehearing on November 21 of 2006, because on that date (NOV 21'06) he surrendered said petition to the correctional officer in charge of the mailing in the institution he is being held. Attachment I.

However, since the clerk of the Appeal Court claimed the record of the appeal did not reflect filed any petition for rehearing and the appeal was closed, Torres submitted the Motion for Reinstatement of Appeal. Which has been delivered to the Court of Appeals on December 15, 2006. See, Attachment II.

Consequently, the Court of Appeals still maintains the jurisdiction of this case on appeal. Thus, this Court should return the case file of this case back to the Appeal Court for further proceedings; in accord to due process of law.

SERGIO TORRES #14623-014
PO BOX 1000
OTISVILE, NY  10963

### Certification of Service

This certify that on this 28th day of December of 2006, a true copy hereof was mailed to the AUSA H. Gordon Hall at 157 Church Street, New Haven, CT 06510.

SERGIO TORRES #14623-014

-2-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

United States of America,            No. 03-1559

    v

Sergio Torres.                       December 28, 2006

AFFIDAVIT

    I, Sergio Torres, the defendant in the above captioned case say:

    "When this case was before the Second Circuit (Appeal No. 03-1193-cr(L)), I filed timely, within the jurisdictional 14 days, a petition for rehearing upon the opinion of the panel remanding this case to the District Court. However, for reasons unknown to me, when the clerk of the Second Circuit was inquired above the petition for rehearing she claimed there was not filed such and the appeal was closed. Then, I filed a motion for reinstatement of the appeal, indicating the timely filing of my petition for rehearing. See, Attachment 1.

    Yesterday (DEC 27'06) a member of my family phoned the clerk of the Second Circuit and learned that the case file of my case have been sent back to the District Court, also the clerk stated that there was not filed any motion for reinstatement of the appeal. Nonetheless, I have irrefutable proof that such was

-2-

delivered to the Court of Appeals.    See, Attachment 2.

SERGIO TORRES #14023-014

STATE OF NEW YORK
                    :   SS
COUNTY OF ORANGE

SERGIO TORRES appeared before me on this 28th day of December of 2006, and sworn and signed to the veracity of this affidavit.

NOTARY PUBLIC

P. Gibson                    case Manager
(Name)                        (Title)
"Authorized By The Act of July
27, 1955, to administer oaths
(18 USC 4004)."

ATTACHMENT I

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse at Foley Square    40 Centre Street, New York, NY 10007    Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 03-1193(L); 03-1559 (CON)

Caption [use short title]

Motion for: Reinstatement of Appeal

United States,

v

Sergio Torres.

Set forth below precise, complete statement of relief sought:

To reopen this appeal to allow the
timely pro se petition for rehearing
to be considered by this Panel.

MOVING PARTY: Sergio Torres, pro se
☐ Plaintiff          ☐ Defendant
☒ Appellant/Petitioner   ☐ Appellee/Respondent

OPPOSING PARTY: United States of America

MOVING ATTORNEY: Pro se
[name of attorney, with firm, address, phone number and e-mail]
Sergio Torres #14623-014
PO Box 1000
Otisville, New YOrk 10963

OPPOSING ATTORNEY [Name]: Kevin J. O'Connor
[name of attorney, with firm, address, phone number and e-mail]
Kevin J. O'Connor, AUSA
157 Church Street
New Haven, CT 06510

Court-Judge/Agency appealed from: United States District Court for the District of Connecticut (Thompson, J)

Please check appropriate boxes:

Has consent of opposing counsel:
    A. been sought?          ☐ Yes  ☒ No
    B. been obtained?        ☐ Yes  ☐ No

Is oral argument requested?    ☐ Yes  ☒ No
(requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    ☐ Yes  ☐ No
If yes, enter date _____

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND
INJUNCTIONS PENDING APPEAL:
Has request for relief been made below?    ☐ Yes  ☐ No

Has this relief been previously sought
in this Court?                             ☐ Yes  ☐ No

Requested return date and explanation of emergency:

_____

_____

Signature of Moving Attorney:

_____  Date: 12=12=06

Has service been effected?    ☐ Yes  ☐ No
[Attach proof of service]

ORDER

IT IS HEREBY ORDERED THAT the motion is GRANTED    DENIED.

FOR THE COURT:
ROSEANN B. MacKECHNIE, Clerk of Court

Date: _____    By: _____

No. 03-1193-cr (L)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

United States of America v Sergio Torres

-------------------------------------------------

Memorandum in Support of Motion to Reinstate Appeal

-----------------------------------------------------------------------------

The appellant, Sergio Torres, pursuant to the Rule of Appellate Procedure 27(a)(1), submits this memorandum in suppport of his motion to reopen appeal seeking that his timely filed petition for rehearing, allowed by FRAP 40, be heard.

Salient Background

During the proceedings of this appeal, the communication among the appeal-counsel has been one side; receiving mail from the appeal-counsel. Precisely on November 20, 2006, Torres received mail from the appeal-counsel advising him of the decision of this Panel concerning his appeal. Consequently, since the time for rehearing is limited to fourteen (14) days, Torres immediately with the help of a fellow inmate prepared and mailed the petition for rehearing, matter of this motion.

The petition for rehearing was submitted via certified mail

-2-

however the appeal record does not include the petition for rehearing.   See, attached affidavit in support.

Discussion

Torres has acted diligently to the decision of this Panel, since within the time-frame allowing this proceeding he surrendered his petition to the authority of the institution he is being held.

Further, Torres had to act pro se because previously in several occasions he has tried to reach the appeal-counsel concerning matters of his appeal without success.

Furthermore, as affirmed in the attached affidavit in support, included hereto as part of this discussion, Torres timely has submitted his petition for rehearing.   Which has retained the jurisdiction of the Appellate Court.   Consequently, this Panel has jurisdiction to hear and decide upon Torres motion to reinstate appeal.

SERGIO TORRES#14623-014
PO BOX 1000
OTISVILLE, NY  10963

Service

This certify that on this 12th day of December of 2006, a

-3-

true copy hereof was mailed to the AUSA H. Gordon Hall at 157 Church Street, New Haven, CT 06510.


SERGIO TORRES #14623-014

7003 1010 0005 0710 1743

No. 03-1193-cr (L)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

United States of America v Sergio Torres

-------------------------------------

AFFIDAVIT IN SUPPORT

-------------------------------------

I, Sergio Torres, the appellant in the above captioned appeal say:

1. In support of my motion to reinstate the appeal I represent that, even when I received from the appeal-counsel the opinion of the Panel on November 20 of 2006 (exhibit A), timely I surrendered (NOV 21'06) my petition for rehearing to a correctional officer of the FCI Otisville for mailing; as is proven by the exhibit B (Sales invoice for the postage which allowed the FCI Otisville to forward the mailpiece to the Postal Service for delivery).

2. Because a member of my family had phoned the clerk of this Court to inquire about the status of my petition for rehearing and it learned that the appeal was closed, and the record did not reflect any petition for rehearing. On December

-2-

8, 2006, I requested to the FCI Otisville (exhibit C) proof establishing the date of mailing of the mailpiece identified under #7003 1010 0005 0710 1651, that carried my petition for rehearing,

3. As consequence of above at ¶2, I was informed that on November 22, 2006, my petition for rehearing was mailed. It should be noted here that, as explained above at ¶1, I had surrendered the mailpiece matter of the motion to reinstate the appeal, on November 21, 2006.

4. For all the reasons in the above paragraphs it has been demonstrated, I had surrendered my petition for rehearing to the authority of FCI Otisville on November 21, 2006. Thus, on account of the opinion of the Panel was filed on November 7, 2006, the petition for rehearing was timely filed and should be heard.

5. In addition, I submit to the attention of the Panel the Petition for Rehearing. Which clearly brings the issue:

> Whether the Blackely v Washington, 124 SCt 2531 (2004) issue should have been considered since Blackely is retroactive for direct appeal.

Subscribed and sworn to before me this 12 day of December 2006.

JULIE A. TIMINS
Notary Public
Notary Public, State of New York
No. 01TI6100268
Qualified in Orange County
Commission Expires Oct. 14, 2007

SERGIO TORRES #14623-014

Law Offices

**EARLE GIOVANNIELLO**
205 CHURCH STREET
SUITE 316
NEW HAVEN, CONNECTICUT 06510

**LEGAL MAIL**

ONLY TO BE OPENED IN
THE PRESENCE OF INMATE

SOUTHERN CT 064

15 NOV 2006 PM 1 L

6A

Mr. Sergio Telles
Reg. No. 14275-014
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

EXHIBIT A

```
Sales Invoice  ---S.B.G.---
Otisville FCI
MAIN
Account No. 14623014       07N3900
TORRES, SERGIO
11/21/2005 05:53:25 PM TX#1032517    82

BEGINNING BALANCES:
Available Balance is $155.33
Spending Limit Balance is $290.00
Account Balance is $155.33
================================================
Qty   Description              Price
================================================
 279   PITNEY .01 CENTS         $2.79


             Total        $2.79

Charge 14623014        $2.79
------------------------------------------------
Items marked with * are Local Use Only

ENDING BALANCES:
Available Balance is $152.54
Spending Limit Balance is $290.00
Account Balance is $152.54


Signature
ALL SALES ARE FINAL
```

EXHIBIT B

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member)<br>Mail Room | DATE:<br>December 8, 2006 |
|---|---|
| FROM:  Sergio Torres | REGISTER NO.:  14623-014 |
| WORK ASSIGNMENT:  Unite Ordely | UNIT:  GA |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

On November 21, 2006, I mailed certified mail the mailpiece identified under #7003 1010 005 0710 1651. However, I never received the certified mail receipt establishing the date the post office (outside) mailed it.

On November 29, 2006, this Mail Room furnished me as I requested a printout of the "track & confirm" about my mailpiece but it only showed the date of delivery.

Now, for a judicial process I need proof of the date the mailpiece, matter of this request, was mailed because there exist a time limitation for the judicial process.

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date | |
|---|---|---|
| | | EXHIBIT C |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94


Printed on Recycled Paper


**UNITED STATES**
**POSTAL SERVICE**®

Home | Help

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: 7003 1010 0005 0710 1651
Detailed Results:

- **Delivered, November 27, 2006, 12:14 pm, NEW YORK, NY 10007**
- **Notice Left, November 24, 2006, 1:15 pm, NEW YORK, NY 10007**
- **Arrival at Unit, November 24, 2006, 8:20 am, NEW YORK, NY 10007**
- **Acceptance, November 22, 2006, 12:05 pm, OTISVILLE, NY 10963**

( < Back )                    ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

## Notification Options

### Track & Confirm by email

Get current event information or updates for your item sent to you or others by email.  ( Go > )

POSTAL INSPECTORS   site map   contact us   government services   jobs   **National & Premier Accounts**
Preserving the Trust          Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy

EXHIBIT D

No. 03-1193-cr (L)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

United States of America v Sergio Torres

-------------------------------------------------

PETITION FOR REHEARING

-------------------------------------------------

Introduction

Sergio Torres petitions this panel for rehearing of its opinion filed on November 7, 2006, remanding the case to the district court for further proceeding in conformity with <u>Crosby</u>.

The panel held:

> (1) Torres's challenged to the validity of his plea are rejected on the merits. Torres failure to "anticipate the changes in federal sentencing law and practice produced by <u>Booker</u> 'does not impugn the truth or reliability of his plea...'"

> (2) [Torres] admitted that he possessed more than five kilograms of cocaine. See <u>Blackledge v Allison</u>, 431 US 63, 74 (1977)(statements at plea allocutions carry a strong presumption of verity).

Torres respectfully submits that the panel has overlooked pertain proceedings before it. Since Torres presented a supplement brief which even was upheld by his appointed counsel. However, basically, the panel did not see that to entertain the

-2-

validity of the guilty plea was unnecessary in light of Torres
clearly had withdrew the issue, that by the way was presented by
the appeal-counsel.

Nonetheless, the panel found as being true, following the
precedent in <u>Blackledge v Allison</u>, supra, that Torres admitted he
possessed more than five kilograms of cocaine.


Argument

> Whether the <u>Blackely v Washington</u>,
> 124 SCt 2531 (2004) issue should
> have been considered since <u>Blackely</u>
> is retroactive for direct appeal.


The panel overlooked that in <u>Blackely</u> was defined the
"statutory maximum" as "the maximum sentence a judge may impose
solely on the basis of the facts reflected by the jury's verdict
or admitted by the defendant." On account of the panel's opinion
did not entertain the reasonableness of the issue brought by
Torres.

Torres had admitted he possessed more than five kilograms of
cocaine. Which placed him on the guideline level 32 (at least 5
KG buyt less than 15 KG of cocaine). And, he did not accept any
other amount of drugs neither leadership on the conspiracy,
during the plea.

Thus, because Torres promptly pled guilty and accepted
responsibility three (3) level should be reduced. That is, he

-3-

should have been sentenced under level 29. Consequently, the
sentence he is serving is unconstitutional in violation to the
Sixth Amendment.

Wherefore, the remand should not be limited to Crosby but it
should include the Blackely issue.

SERGIO TORRES #14623-014
PO BOX 1000
OTISVILLE, NY  10963

Service

This is to certify that a true copy hereof was mailed to the
AUSA H. Gordon Hall at 157 Church Street, New Haven, CT 06510.

SERGIO TORRES #14623-014

CM: 7003 1010 0005 0710 1651

7003 1010 0005 0710 1651

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**

ATTACHMENT II

FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member)<br>Mail Room | DATE:<br>December 22, 2006 |
|---|---|
| FROM:   Sergio Torres | REGISTER NO.:<br>14623-014 |
| WORK ASSIGNMENT:   Ordely | UNIT:<br>GA |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary.  Your failure to be specific may result in no action being taken.  If necessary, you will be interviewed in order to successfully respond to your request.)

Please, furnish me the status of the mailpiece, identified under Certified Mail Receipt #7003 1010 0005 0710 1743, that I mailed on December 12, 2006.

(Do not write below this line)

DISPOSITION:


| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

Printed on Recycled Paper



**UNITED STATES POSTAL SERVICE**®

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: **7003 1010 0005 0710 1743**
Status: **Delivered**

Your item was delivered at 11:04 AM on December 15, 2006 in NEW YORK, NY 10007.

( Additional Details > )   ( Return to USPS.com Home > )

### Track & Confirm

Enter Label/Receipt Number.

## Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.   ( Go > )

---

POSTAL INSPECTORS        site map    contact us    government services    jobs    **National & Premier Accounts**
Preserving the Trust            Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy